IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KATIE M.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

_____

Civ. No. 6:21-cv-1746-MC

OPINION AND ORDER

MCSHANE, Judge:

        Plaintiff brings this action for judicial review of the Commissioner's decision denying her application for disability insurance and supplemental security income. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). On September 2, 2018, Plaintiff filed an application for benefits, alleging disability as of July 4, 2018. Tr. 575-583.[2] After a hearing, the administrative law judge (ALJ) determined Plaintiff was not disabled under the Social Security Act. Tr. 369-387. Plaintiff argues the ALJ erred by discounting her subjective symptom testimony, by finding Dr. David Clark's opinion unpersuasive, and by rejecting lay witness

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.
[2] "Tr" refers to the Transcript of Social Security Administrative Record provided by the Commissioner.

1 – OPINION AND ORDER

testimony from Plaintiff's grandmother. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (quotation omitted). To determine whether substantial evidence exists, we review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Davis v. Heckler*, 868 F.2d 323, 326 (9th Cir. 1989). "If the evidence can reasonably support either affirming or reversing, 'the reviewing court may not substitute its judgment' for that of the Commissioner." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 523 (9th Cir. 2014) (quoting *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1996)).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520 & 416.920 (2012). The initial burden of proof rests upon the claimant to meet the first four steps. If the claimant satisfies his burden with respect to the first four steps, the burden shifts to the Commissioner for step five. 20 C.F.R. § 404.1520. At step five, the Commissioner must show that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity (RFC),

age, education, and work experience. *Id*. If the Commissioner fails to meet this burden, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

The ALJ determined Plaintiff had the following severe impairments: multiple sclerosis ("MS"), obesity, depression, and bipolar disorder. Tr. 375. The ALJ concluded Plaintiff had the RFC to perform light work with the following relevant additional restrictions: that she perform only occasional climbing ramps/stairs; no climbing ladders, ropes or scaffolds; no crawling; occasional balance, kneel, crouch, stoop/bend; no exposure to extreme heat, to vibration, and to hazards such as dangerous machinery and unprotected heights; can understand, remember, and carryout only simple, routine, repetitive job tasks consistent with DOT GED reasoning level of 2 or less. Tr. 376. At step four, the ALJ found Plaintiff unable to perform any past relevant work. Tr. 381. At step five, he found that Plaintiff retains the ability to perform other jobs in the national economy. Tr. 382. The ALJ then found that Plaintiff was not disabled from her alleged onset date of July 4, 2018, through March 31, 2020, the date of the ALJ's unfavorable decision.

Plaintiff argues the ALJ committed three errors: (1) the ALJ failed to provide clear and convincing reasons to discount her symptom testimony; (2) the ALJ erred by finding the medical opinion of David Clark, DO, unpersuasive; and (3), the ALJ failed to provide germane reasons for discounting lay witness testimony. For the reasons discussed below, the court affirms.

    **I.    Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). There is a two-step process for evaluating a claimant's testimony

about the severity and limiting effect of his symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the claimant must produce objective medical evidence of one or more impairments that could reasonably be expected to produce some degree of symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant need not show that the impairment could reasonably be expected to cause the severity of the symptoms, but only show that it could reasonably have caused some degree of the symptoms. *Id.*

Second, the ALJ must assess the claimant's testimony regarding the severity of the symptoms. *Id.* The ALJ can reject the claimant's testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Thus, the ALJ must specifically identify the testimony that they do not credit and must explain what evidence undermines the testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). In other words, the "clear and convincing" standard requires an ALJ to "show [their] work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

General findings are insufficient to support an adverse determination; the ALJ must rely on substantial evidence. *Holohan*, 246 F.3d at 1208. To discredit a plaintiff's testimony regarding the degree of impairment, the ALJ must make a "determination with findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002). The question is not whether ALJ's rationale convinces the court, but whether their rationale "is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

   A. *Plaintiff's Testimony*

At the hearing, Plaintiff testified that she was diagnosed with relapsing MS in 2014. Tr. 397. Initially, she experienced minor symptoms of fatigue and electricity sensations throughout

her body. Tr. 399. However, her MS progressively worsened. Tr. 399. She stopped working in 2018 after she blacked out at work. Tr. 403. She had a port-a-cath installed in 2019 and underwent infusions every four weeks. Tr. 403. The infusions were the most aggressive form of medication, and current imaging showed that she had not developed new lesions; however, she continued to experience symptoms of MS, which prevented her from returning to work. Tr. 404. She was unable to grab things with her left hand and had to lie down because she was unable to feel her left leg. Tr. 404. When asked about records describing her MS as "stable," Plaintiff explained that MS symptoms change frequently: "[I]f I have a symptom today, it could last a week or it could last an hour. It could last 5 minutes." Tr. 405. She also testified that she was unable to get out of bed some days. Tr. 406. On good days, she was able to walk her dog twice a day, and she sometimes rode a stationary bike at home. Tr. 406. She experienced seven to ten symptom flares a month that were severe enough that she had to lie down. Tr. 412. Her last employer provided her with special accommodations, including a sit/stand desk, special headset, ergonomic chair, and an additional ten-minute break as needed. Tr. 407.

The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 378. In discounting the testimony, the ALJ relied on the following rationales: that the medical record conflicts with plaintiff's testimony, that plaintiff improved with treatment; and that the testimony conflicts with her daily activities. Because these are clear and convincing reasons, supported by substantial evidence, for discounting her testimony, the court affirms.

    B. *Conflict with Objective Medical Evidence*

5 – OPINION AND ORDER

In evaluating a claimant's subjective symptom testimony, an ALJ may consider whether it is consistent with objective medical evidence. 20 C.F.R. § 404.1529(c)(1)-(3); SSR 16-3p, available at 2017 WL 5180304, at *7-8. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original).

In the decision, the ALJ detailed several inconsistencies between Plaintiff's alleged depression and psychological symptoms and the objective medical evidence in the record. For example, Plaintiff testified that her "brain is fine" despite her claim of worsening physical symptoms. Tr. 377, 415. She reported a depressive disorder was under control with "excellent medication." Tr. 378, 434. She did not testify to any mental issues. Tr. 395-434. The ALJ affirmed that Plaintiff's records reflected depression "in full remission" with her treatment. Tr. 379, 683-84. The ALJ discussed that Plaintiff's psychiatric medication "works well," and that she reported only mild symptoms of depression during treatment. Tr. 379, 794, 804,1004. Furthermore, Plaintiff's mental status examinations during the relevant period showed alert mental status, appropriate/normal mood and affect, normal concentration and attention, cooperative behavior, and intact memory. Tr. 379, 790, 795, 806, 855, 864, 874, 1004, 1027, 1053, 1076, 1139. Because Plaintiff's treatment records showed that she had adequately controlled her psychological symptoms, the ALJ rationally found Plaintiff was not mentally disabled, and discounted any symptom testimony to the contrary. Tr. 379-80.

C. *Improvement with Treatment*

An ALJ may reject a claimant's symptom testimony if that testimony is contradicted by evidence in the medical record. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161

(9th Cir. 2008). If the record shows a claimant's symptoms have improved with treatment, that improvement is "an important indicator of the intensity and persistence of ... symptoms." 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Ninth Circuit has held that "evidence of medical treatment successfully relieving symptoms can undermine a claim of disability." *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017).

Here, the ALJ concluded that plaintiff's conditions improved with treatment, which undermined her hearing testimony concerning the severity of her allegedly frequent MS flares, and her other general symptoms of disability. Tr. 378-80. As noted above, ALJ should consider the type and effectiveness of treatment in weighing the claimant's allegations. 20 C.F.R. § 404.1529(c)(3)(iv)-(v). Plaintiff testified she had incapacitating flares of MS symptoms at least once a week, usually between seven and ten times per month. Tr. 377, 411-12. Plaintiff disagreed with notes from Dr. Clark that she was stable and doing well, and instead asserted she experienced sporadic symptoms that impaired her balance and caused her to fall. Tr. 377, 404-05, 411. But Dr. Clark found Plaintiff was "generally doing well" (Tr. 378, 872) with a treatment regimen of regular exercise and Tysabri injections every four weeks. Tr. 378, 827-28. Further contradicting her testimony, Plaintiff told Dr. Clark that "her balance has remained stable." Tr. 378, 872. Plaintiff continued to report her balance and gait were stable during treatment, and that her infusions were successful and improved her symptoms. Tr. 380, 872, 882, 1051-52, 1075. Furthermore, Plaintiff's records did not contain treatment for her alleged susceptibility to falling. Tr. 379. A lack of treatment for allegedly chronic issues can undermine those complaints. *Burch*, 400 F.3d at 681. The ALJ therefore reasonably found these treatments records showing improvement undermined Plaintiff's testimony concerning the severity of her symptoms.

D. Activities of Daily Living

Activities of daily living may provide a basis for discounting a claimant's subjective symptoms if those activities contradict testimony of total disability or meet the threshold for transferable work skills. *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012); *superseded by regulation on other grounds as stated in Schuyler v. Saul*, 813 F. App'x 341, 342 (9th Cir. 2020); *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). To do so, an ALJ must cite with specificity "which daily activities conflicted with which part of [Plaintiff's] testimony." *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014).

The ALJ also discussed plaintiff's activities of daily living, and found that her exercise activities conflict with her symptom testimony concerning her physical symptoms. Plaintiff reported that MS caused worsening fatigue that was now debilitating. Tr. 377, 399. Even on "good days," she said she could only use a stationary bike to exercise due to limited use of her legs. Tr. 377, 406. But contrary to her alleged difficulties moving about and using her limbs, Plaintiff noted that she was walking up to two miles a day, and engaging in other regular cardiovascular exercise. Tr. 379, 380, 1051, 1075. The ALJ reasonably found Plaintiff's walking and other regular exercise contradicted her alleged degree of impairment. Tr. 379, 380.

**II. Dr. David Clark, DO**

For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence (Revisions to Rules)*, 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68 (Jan 18, 2017). Under those revised regulations, the ALJ no longer "weighs" medical opinions but instead determines which are most "persuasive." 20 C.F.R. §§ 404.1520c(a). The new regulations eliminate the hierarchy of medical opinions and state that the agency does not defer to any particular medical opinions, even those from treating sources. *Id.*; *see also Woods v.*

*Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) ("The revised social security regulations are clearly irreconcilable with our caselaw according special deference to the opinions of treating and examining physicians on account of their relationship with the claimant."). Under the new regulations, the ALJ primarily considers the "supportability" and "consistency" of the opinions in determining whether an opinion is persuasive. 20 C.F.R. § 404.1520c(c). Supportability is determined by whether the medical source presents explanations and objective medical evidence to support their opinions. *Id.* § 404.1520c(c)(1). Consistency is determined by how consistent the opinion is with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2).

An ALJ may also consider a medical source's relationship with the claimant by looking at factors such as the length, purpose, or extent of the treatment relationship, the frequency of the claimant's examinations, and whether there is an examining relationship. *Id.* § 404.1520c(c)(3). An ALJ is not, however, required to explain how she considered those secondary medical factors unless she finds that two or more medical opinions about the same issue are equally well-supported and consistent with the record but not identical. *Id.* § 404.1520c(b)(2)- (3).

The regulations require ALJs to "articulate . . . how persuasive [they] find all of the medical opinions" and "explain how [they] considered the supportability and consistency factors." *Id.* § 404.1520c(c)(b). The court must, moreover, continue to consider whether the ALJ's analysis has the support of substantial evidence. *See* 42 U.S.C. § 405(g); *Woods*, 32 F.4th at 792 ("Even under the new regulations, an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). *Id.*

Dr. Clark began treating Plaintiff in December 2018. Tr. 853. In February 2020, he completed a Medical Source Statement, in which he assessed moderate limitation in Plaintiff's

9 – OPINION AND ORDER

ability to maintain attention and concentration for two-hour periods. Tr. 1177. He assessed marked limitation in her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, and in her ability to complete a normal workday and workweek without interruptions from medically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 1177. He opined that Plaintiff was incapable of sustaining work at any exertion on a regular and continuing basis, even if given the opportunity to alternate between sitting and standing during the workday. Tr. 1178. Dr. Clark further opined that Plaintiff was capable of standing/walking for thirty minutes in an eight-hour workday and sitting for eight hours in an eight-hour workday. Tr. 1179. She could reach for three minutes at a time and ten minutes total; handle for one minute at a time and three minutes total; and finger for three minutes at a time and for four minutes total in an eight-hour workday. Tr. 1179-80. She could never climb, balance, stoop, kneel, crouch or crawl. Tr. 1180-81. She should avoid all exposure to extreme heat and concentrated exposure to extreme cold, wetness, humidity, noise, and vibration. Tr. 1181. Her concentration, persistence, or pace deficits were frequently severe enough to impact her ability to timely complete tasks. Tr. 1181. Dr. Clark concluded that Plaintiff would miss five or more workdays per month. Tr. 1181. The limitations he assessed had been present since August 2018. Tr. 1182.

      The ALJ reasonably found Dr. Clark's medical opinions unpersuasive because they were internally inconsistent, and inconsistent with the medical evidence in the record. The supportability factor looks to the relevant objective medical evidence—that is, clinical signs and diagnostic findings, *see* 20 C.F.R. §§ 404.1502(c), (f), (g)—and the supporting explanations a medical source provides for their opinions. 20 C.F.R. § 404.1520c(c)(1). "An ALJ is not required

to take medical opinions at face value, but may take into account the quality of the explanation" when evaluating a medical opinion. *Ford*, 950 F.3d at 1155. The ALJ found Dr. Clark's opinion unpersuasive because it was inconsistent with his own notes that Plaintiff was generally doing well on a program of monthly injections and regular exercise. Tr. 378, 380, 827-28, 872. It also conflicted with Plaintiff's reports of stable balance and gait when visiting Dr. Clark's clinic. Tr. 378-80, 862, 866, 872. And Dr. Clark's opinion was inconsistent with his records that Plaintiff's MS was not progressing. Tr. 378-80, 833-34, 885-86. Since these were all valid considerations under the supportability factor, the ALJ reasonably concluded Dr. Clark's opinion was unpersuasive for lack of support in the record.

The ALJ also reasonably concluded Dr. Clark's opinion was unpersuasive because it conflicted with objective medical evidence and record evidence of plaintiff's exercise routine. Tr. 380-81. An opinion's persuasiveness is in relation to its consistency with evidence from other sources. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2); *Woods*, 32 F.4th at 792. Dr. Clark's opinion of disabling physical limitations conflicted with his and others' examination findings of normal coordination, full motor strength, and unimpaired gait. Tr. 378-80, 855, 865, 874-75. His opinion of severe mental limitations was inconsistent with neurological examination findings of normal attention and concentration. Tr. 379, 381, 855, 864, 874, 1139. In addition to this objective evidence, Dr. Clark's opinion was incompatible with Plaintiff's performance of regular exercise that included walking up to two miles at a time. Tr. 379-80, 1051, 1075. And it was inconsistent with Plaintiff's overall successful treatment of MS. Tr. 378-81, 862, 866, 872, 882,

11 – OPINION AND ORDER

1051-52, 1075.³ In light of these inconsistencies, the ALJ reasonably concluded that Dr. Clark's opinion was unpersuasive.

Plaintiff's arguments to the contrary do not undercut the ALJ's analysis. Plaintiff argues that the ALJ erred in discounting Dr. Clark's opinion that "the claimant has problems maintaining attention and concentration" because he was the only provider to administer "formal cognitive testing." Pl. Br., ECF No. 13 at 9. Plaintiff further contends that the ALJ erred in considering her exercise regimen, and that her testimony about ability to walk should not undercut Dr. Clark's opinion about her ability to "*sustain* full-time work." *Id.* (emphasis in original). Plaintiff also points to treatment notes that, she argues, support Dr. Clark's opinions. *Id.* at 7-8. These arguments go to the weight of the evidence, however, and the Court may not "reweigh the evidence [and] substitute [its] own judgment" for the ALJ's. *Winans v. Bowen*, 853 F.2d 643, 644 (9th Cir. 1987) (internal quotation and citation omitted). Instead, the question is whether, "considering the record as a whole, a reasonable person might accept [the evidence] as adequate to support" the ALJ's conclusion that Dr. Clark's opinion was unpersuasive. *Thomas*, 278 F.3d at 954. Because the ALJ reasonably considered the supportability and consistency of Dr. Clark's opinions, and the ALJ's conclusion was supported by substantial evidence, the Court will not disturb the ALJ's finding that Dr. Clark's opinion was unpersuasive.

### III. Lay Witness Testimony

---

³ Although the ALJ termed plaintiff's treatment as "conservative," this finding was not supported by substantial evidence. Plaintiff's treatment included having a surgical port for monthly infusions—far beyond what the Ninth Circuit has found to be "conservative treatment." *See Revels v. Berryhill*, 874 F.3d 648, 667 (9th Cir. 2017). Because the ALJ had other, supportable reasons for finding Dr. Clark's opinions unpersuasive, this error was harmless. *See Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir.2008) (a single erroneous basis for an ALJ's determination is harmless error if other valid reasons supporting that determination remain).

Plaintiff further argues that the ALJ erred by rejecting the lay testimony of Plaintiff's grandmother. Plaintiff's grandmother completed a third-party Function Report in May 2019, in which she reported that Plaintiff's MS symptoms made it impossible for her to maintain work. Tr. 651. On good days, Plaintiff was able to care for her pet, attend meetings, be outside, prepare meals, and help with chores. Tr. 652-53. But her good days and symptoms were unpredictable, and on bad days, she was unable to participate in any activities. Tr. 655. She was sometimes unable to get out of bed. Tr. 655. Her symptoms affected her ability to sleep through the night. Tr. 652. She needed reminders to take her medication and to attend appointments. Tr. 653. She experienced constant left-sided pain and weakness. Tr. 656. Her symptoms included headache, fatigue, joint/muscle pain, stomach pain, depression, tremors, widespread tingling and pain, and left-sided weakness. Tr. 658. The ALJ acknowledged the lay witness statement but found it "neither inherently valuable nor persuasive when compared to the objective medical evidence." Tr. 376.

Although the ALJ cited the wrong regulation when considering the lay witness testimony, the ALJ's error here was harmless. First, the ALJ provided germane reasons specific to plaintiff's grandmother's testimony when deciding to reject it. Lay testimony concerning a claimant's symptoms or how an impairment affects the ability to work is competent evidence that an ALJ must take into account. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (citation and internal quotation omitted). The ALJ must provide "reasons germane to each witness" to reject such testimony. *Id.*[4] The ALJ reasonably found that Plaintiff's grandmother's

---

[4] Defendant disagrees that ALJs are required to provide germane reasons for discounting lay witness testimony under the new regulations. Def. Br., ECF No. 14 at 10. This Court (like others in this District) has considered the issue, however, and found this requirement survives the new regulations. *See, e.g., Blainey E. v. Comm'r, Soc. Sec. Admin.,* No. 6:21-CV-00737-MC, 2023

13 – OPINION AND ORDER

statement was not persuasive based on the objective medical evidence. Tr. 376. Her statement in May 2019 reiterated Plaintiff's complaints of chronic left-sided weakness and other MS symptoms that often prevented Plaintiff from performing any tasks. Tr. 651-58. But as the ALJ covered in the decision, Plaintiff's allegations of disabling MS were inconsistent with the objective evidence showing mental and physical symptoms under control. The ALJ's basis for discounting Plaintiff's grandmother's testimony is therefore discernible and supported by substantial evidence provided over the course of the ALJ's decision.

Even if the ALJ did not sufficiently analyze the lay witness testimony, any error in failing to do so was harmless. The revised regulations state that the ALJ is "not required to articulate how he consider[s] evidence from nonmedical sources" using the same criteria for medical sources, 20 C.F.R. § 404.1520c(d); however, this "does not eliminate the need for the ALJ to articulate his consideration of lay-witness statements and his reasons for discounting those statements." *Joseph M. R. v. Comm'r*, No. 3:18-CV-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019). When an ALJ's rationale for discounting a claimant's testimony applies equally to the nonmedical source statements, any error in failing to provide adequate reasons to reject the nonmedical source statements is harmless. *Molina*, 674 F.3d at 1117 (error in lack of reason to reject lay witness statements was harmless); *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (ALJ's valid reasons to reject claimant's testimony also applied to the lay statements). Here, Plaintiff's grandmother described symptoms that mirrored Plaintiff's own allegations. As discussed above, the ALJ provided legally sufficient reasons for concluding that

---

WL 2675149, at *8 (D. Or. Mar. 29, 2023); *Julie J. v. Comm'r, Soc. Sec. Admin.*, No. 6:21-CV-01384-HZ, 2023 WL 3002388, at *7 (D. Or. Apr. 18, 2023).

plaintiff's testimony was unpersuasive. Any error in rejecting the lay witness testimony was therefore harmless. *Molina*, 674 F.3d at 1117.

## CONCLUSION

The ALJ's decision is free of legal error and supported by substantial evidence. The Commissioner's final decision is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this 24th day of May, 2023.

                                                                               /s/ Michael J. McShane
                                                                                  Michael McShane
                                                           United States District Judge